**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARKEL INSURANCE COMPANY | : CIVIL ACTION NO.: |
| *Plaintiff* | : |
| v. | : |
| HOLY FAMILY INSTITUTE | : |
| *Defendant* | : |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Markel Insurance Company ("MIC"), pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, files this Complaint for Declaratory Judgment against its insured, Holy Family Institute ("HFI"), and in support thereof, states as follows:

## I.   INTRODUCTION

1.     HFI is a Roman Catholic organization and a non-profit religious corporation authorized to conduct business and conducting business in the Commonwealth of Pennsylvania with its principal place of business at 8235 Ohio River Blvd. Pittsburgh, Pennsylvania 15202.

2.     HFI is a defendant in lawsuits in the Court of Common Plea of Allegheny County, Pennsylvania, styled *Smith v. Roman Catholic Diocese of Pittsburgh*, Docket No. GD-19-011675; *Doe v. Roman Catholic Diocese*, Docket No. GD-20-004988*; and *Cienfuegos v. Roman Catholic Diocese of Pittsburgh*, Docket No.GD-20-004989 (collectively, the "Underlying Actions") (plaintiffs therein are collectively, "Underlying Plaintiffs").   In the Underlying Actions, the Underlying Plaintiffs seek damages from HFI arising from alleged incidents of sexual assault that took place in the 1970s and/or 1980s.  *See generally Smith* Second Amended Complaint (Ex. A) at ¶¶ 10, 15-20 (MIC-0005, MIC-0006) and Prayer for Relief (MIC-0025); *Doe* Complaint (Ex.

B) at ¶¶ 9-33 (MIC-0034 - MIC-0036) and Prayer for Relief (MIC-0054 - MIC-0055); *Cienfuegos* Complaint (Ex. C.) at ¶¶ 8-9 (MIC-0061) and Prayer for Relief (MIC-009).

3.      The Underlying Plaintiffs allege that they suffered various forms of bodily injury beginning at the time of the incidents of abuse in the 1970s and/or 1980s and continuing to the present.  *See, e.g.*, Smith Second Amended Complaint ¶ 32 (MIC-0008), 44 (MIC-0010), 59(g) (MIC-0016), 59(h) (MIC-0016); *Doe* Complaint ¶ 39 (MIC-0038), 107 (MIC-0053); *Cienfuegos* Complaint ¶ 108 (MIC-0082 - MIC-0083).

4.      MIC seeks a judicial declaration that Underlying Plaintiffs' allegations in the Underlying Actions do not trigger a duty to defend or indemnify under three primary and three umbrella policies (the "MIC Policies") that MIC issued to HFI because, *inter alia*, each of the Underlying Actions alleges bodily injury that first manifested prior to the policy periods of the MIC Policies, and, therefore, coverage under the MIC Policies is not triggered.

5.      MIC also seeks a declaration that, because it has no duty to defend or indemnify HFI, MIC may withdraw the defense it has offered and has been providing to HFI in the Underlying Actions.  MIC has provided that defense subject to reservations of its rights, including the right to withdraw from the defense.

## II.    **PARTIES**

6.      HFI is a Roman Catholic organization and a non-profit religious corporation authorized to conduct business and conducting business in the Commonwealth of Pennsylvania with its principal place of business located at 8235 Ohio River Blvd Pittsburgh, Pennsylvania 15202.

7.      MIC is a corporation that is incorporated in the State of Illinois and maintains its main office in Rosemont, Illinois.

III.   **JURISDICTION**

8.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

9.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, because the value of the MIC Policies under which HFI seeks coverage from MIC exceed $75,000, exclusive of interest and costs.

10.     This matter is between citizens of different states.

11.     HFI is a citizen of the Commonwealth of Pennsylvania.

12.     MIC is a citizen of the State of Illinois.

13.     This Court also has jurisdiction of this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), because this matter presents a case of actual controversy.

14.     This matter presents a case of actual controversy because HFI seeks a defense and indemnity, under the MIC Policies that MIC issued to HFI, in connection with Underlying Plaintiffs' claims against HFI in the Underlying Actions.  MIC disputes that it owes HFI any duty to defend or indemnify it under the MIC Policies for the claims alleged in the Underlying Actions.

III.   **VENUE**

15.     Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

16.     Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the insurance producer who facilitated the procurement of insurance is located in Bethlehem, Pennsylvania, which falls within the jurisdiction of the Eastern District of Pennsylvania.

## IV.   FACTUAL BACKGROUND

### A.   ALLEGATIONS OF BODILY INJURY IN THE UNDERLYING ACTIONS

17.     The Underlying Plaintiffs allege that they suffered various forms of bodily injury beginning at the time of the incidents of abuse in the 1970s and/or 1980s and continuing to the present.

18.     Smith alleges, *inter alia*, that he "has suffered from severe depression, alcoholism, suicidal attempts and ideations, drug addiction and other issues since undergoing the abuse" in the 1970s.  *Smith* Second Amended Complaint ¶ 44 (MIC-0010); *see also, e.g.*, *id.* at ¶ 32 (MIC-008) (alleging that, "the repeated molestations would cause Plaintiff's asthma to flare and he would receive asthma medication from nuns, including Sister Leone who was a nurse"), ¶ 59(g) (MIC-0016) (referencing Smith's "frequent need for medical attention for asthma that Plaintiff required after private meetings with Fr. Girdis"); 59(h) (MIC-0016) (referencing "The resulting behavioral changes of Plaintiff subsequent to his abuse, which upon information and belief, was known by Defendants, yet overlooked");

19.     Doe alleges, *inter alia*, that, "Plaintiff has suffered from severe depression, anxiety and panic attacks, feelings of shame, as well as, trust and relationship issues and suicidal ideations since undergoing the abuse" in the early 1980s.  Ex. B, *Doe* Complaint ¶ 39 (MIC-0038); *see also, e.g., id.* at ¶ 107 (MIC-0053) ("Plaintiff suffered extreme emotional distress and mental anguish at the hands of Fr. Girdis for nearly two years of abuse, as well as, subsequent emotional distress, shame, humiliation, anger, fright, horror, and grief through the present day").

20.     Cienfuegos alleges, *inter alia*, injuries including "physical harm caused by rape and other physical abuse; post-traumatic stress disorder; depression; suicidal ideation; emotional distress, embarrassment, and humiliation; loss of self-esteem and shame; nightmares, loss of sleep,

anxiety and other physical manifestations of the injuries caused by the events described herein; secondary enuresis; and severe mental anguish and trauma." Ex. C., *Cienfuegos* Complaint ¶ 108 (MIC-0082 - MIC-0083).

**B.**   **THE MIC GL POLICIES**

21.   MIC insured HFI under the following three consecutive Commercial General Liability Insurance Policies: (1) policy number 8502SS380005-0 (October 1, 2012 to October 1, 2013) (Ex. D); (2) policy number 8502SS380005-1 (October 1, 2013 to October 1, 2014) (Ex. E); and (3) policy number 8502SS380005-2 (October 1, 2014 to October 1, 2015) (Ex. F) (the "GL Policies").

22.   The Commercial General Liability Coverage Form of the GL Policies contains the following Insuring Agreement:

> **SECTION I - COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Ex. D at MIC-0235); Ex. E at MIC-0562; Ex. F at MIC-0879.

23.   The GL Policies contain Policy Endorsement MGL 102 10 09, "Abuse or Molestation Coverage" ("the Abuse Endorsement"), which modifies the Insuring Agreement in Section I, Coverage A, by adding the following:

> We will pay those sums the insured becomes legally obligated to pay as damages that result in "bodily injury", "property damage",

"personal and advertising injury", or any other injury because of abuse, molestation or exploitation arising from negligent employment, training, investigation, reporting to the proper authorities, or failure to so report, or retention and supervision of a person for whom any insured is or ever was legally responsible. Coverage includes the actual, alleged, or threatened abuse, molestation or exploitation by anyone of any person while in the care, custody or control of any insured.

Ex. D at MIC-0265; Ex. E at MIC-0593; Ex. F at MIC-0914.

24.     Subparagraph (c) of Section I, Coverage A, contains the following limitation:

c.     This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period;

Ex. D at MIC-0235; Ex. E at MIC-0562; Ex. F at MIC-0879.

25.     A "Commercial Liability Extension Endorsement," defines "Bodily injury" as follows:

3. "Bodily injury" means:

a. Bodily injury, sickness or disease sustained by a person, and also includes mental anguish or emotional distress provided such mental anguish or emotional distress results from any of these; and

b. Death resulting from bodily injury, sickness or disease.

Ex. D at MIC-0277; Ex. E at MIC-0605; Ex. F at MIC-0927.

26.     The Abuse Endorsement provides as follows:  "The term 'bodily injury' includes mental anguish and emotional distress."  Ex. D at MIC-0265; Ex. E at MIC-0593; Ex. F at MIC-0914.

-6-

27.    The Abuse Endorsement in the GL Policies contains the following exclusion for

punitive damages:

> This insurance does not apply to:
>
> …
>
> b. Any obligation to pay fines, penalties, punitive damages, exemplary damages or aggravated damages ….

Ex. D at MIC-0265; Ex. E at MIC-0593; Ex. F at MIC-0914.

28.    The GL Policies contain the following exclusion for expected or intended injury:

> This insurance does not apply to:
>
> **a. Expected or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Ex. D at MIC-0235; Ex. E at MIC-0563; Ex. F at MIC-0880.

29.    A "Pennsylvania Changes - Defense Costs" endorsement to the GL Policies,

provides as follows:

> The provisions of Paragraph B. are added to all Insuring Agreements that set forth a duty to defend under:
>
>> 1. Section I of the Commercial General Liability, Commercial Liability Umbrella …
>
> Paragraph B. also applies to any other provision in the policy that sets forth a duty to defend.
>
> B. If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.
>
> The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving rights to terminate

-7-

the defense or the payment of defense costs and to seek
reimbursement for defense costs.

Ex. D at MIC-0393; Ex. E at MIC-0720; Ex. F at MIC-01062.

### B.   THE MIC UMBRELLA POLICIES

30.   MIC insured HFI under the following three Commercial Umbrella Liability
Insurance Policies: (1) policy number 4602SS380006-0 (October 1, 2012 to October 1, 2013) (Ex.
G);  (2) policy number 4602SS380006-1 (October 1, 2013 to October 1, 2014) (Ex. H); and (3)
policy number 4602SS380006-2 (October 1, 2014 to October 1, 2015) (Ex. I) (the "Umbrella
Policies").

31.   Section II of the Umbrella Policies, "UMBRELLA LIABILITY COVERAGE -
COVERAGE - "BODILY INJURY" AND "PROPERTY DAMAGE" LIABILITY," contains the
following Insuring Agreement:

**1. Insuring Agreement**

a. We will pay on behalf of the insured the "ultimate net loss" in
excess of the "retained limit" because of "bodily injury" or
"property damage" to which this insurance applies. We will have the
right and duty to defend the insured against any "suit" seeking those
damages when the "underlying insurance" does not provide
coverage or the limits of "underlying insurance" have been
exhausted. When we have no duty to defend, we will have the right
to defend, or to participate in the defense of, the insured against any
other "suit" seeking damages to which this insurance may apply.
However, we will have no duty to defend the insured any and 'suit"
seeking damages for "bodily injury" or "property damage" to which
this insurance does not apply.

Ex. G at MIC-1104; Ex. H at MIC-1148; Ex. I at MIC-1193.

32.   The Umbrella Policies contain the following limitation of coverage:

b. This insurance applies only to "bodily injury" and "property
damage" only if:

(1) The "bodily injury" or "property damage" is caused by an
"occurrence" that takes place in the coverage territory; and

-8-

(2) The "bodily injury" and "property damage" occurs during the policy period;

…

Ex. G at MIC-1105; Ex. H at MIC-1149; Ex. I at MIC-1194.

33.     The Umbrella Policies contain the following "Abuse and Molestation Following Form Endorsement":

This endorsement modifies insurance provided under the following:

EXCESS/UMBRELLA POLICY

This policy does not apply to the actual or threatened abuse or molestation of any person by anyone at any time except

to the extent that coverage is provided by a policy or policies shown on the Schedule of "underlying insurance".

Ex. G at MIC-1125; Ex. H at MIC-1169; Ex. I at MIC-1128.

34.     The Umbrella Policies contain the following exclusion:

Coverage under Excess Liability and Umbrella Liability does not apply to:

…

Punitive Damages:

Punitive damages, exemplary damages, treble damages, or any damages resulting from the multiplication of compensatory damages, including any other fines or penalties. This exclusion does not apply if disallowed by statute.

Ex. G at MIC-1109, MIC-1113; Ex. H at MIC-1153, MIC11-57; Ex. I at MIC-1205.

**C.     ADJUSTMENT OF THE CLAIMS**

35.     HFI tendered the *Smith* complaint to MIC.

36.     On September 17, 2019, MIC agreed to defend HFI pursuant to a full reservation of rights.  *See* September 17, 2019 letter from MIC to HFI.  (Ex. J.)  The September 17, 2019 reservation of rights letter noted, *inter alia*, that "the alleged abuse took place in the 1970's; the

Policies did not go into effect until October of 2012.  *Id.* at 8 (MIC-1248).  The letter also reserved the right to withdraw from the defense in the event there are no covered allegations.  *Id.* at 9 (MIC-1249).

37.     Following receipt of a First Amended Complaint in the *Smith* action, MIC issued a supplemental reservation of rights letter on January 27, 2020. (Ex. K).  The January 27, 2020 reservation of rights letter noted, *inter alia*, that "the alleged abuse took place in the 1970's; the Policies did not go into effect until October of 2012." *Id.* at 9 (MIC-1258).  The letter also reserved the right to withdraw from the defense in the event there are no covered allegations.  *Id.* at 10 (MIC-1259).

38.     Following receipt of the Second Amended Complaint in the *Smith* action, MIC issued a supplemental reservation of rights letter dated May 12, 2020.  (Ex. L).  The supplemental reservation of rights letter advised that "MIC believes that it has no coverage obligation under the Policies with respect to the Amended Lawsuit because the conduct alleged in the Amended Lawsuit predates the Policies and bodily injury alleged in the Amended Lawsuit first manifested prior to the inception date of the earliest Policy."  *Id.* at 1 (MIC-1260).  The May 12, 2020 letter also stated, "MIC expressly reserves its right to withdrawal from the defense and seek reimbursement of defense costs pursuant to the "Pennsylvania Changes - Defense Costs" endorsement of the primary policies …." *Id.* at 7-8 (MIC-1266 - MIC-1267).

39.     HFI tendered the *Doe* complaint to MIC.

40.     On May 12, 2020, MIC agreed to defend HFI with respect to the *Doe* action pursuant to a full reservation of rights.  *See* May 12, 2020 letter from MIC to HFI.  (Ex. M).  The May 12, 2020 letter advised that "MIC believes that it has no coverage obligation under the Policies with respect to the Amended Lawsuit because the conduct alleged in the Amended

Lawsuit predates the Policies and bodily injury alleged in the Amended Lawsuit first manifested prior to the inception date of the earliest Policy." *Id.* at 1 (MIC-1269). The May 12, 2020 letter also stated, "MIC expressly reserves its right to withdrawal from the defense and seek reimbursement of defense costs pursuant to the "Pennsylvania Changes - Defense Costs" endorsement of the primary policies ...." *Id.* at 7-8 (MIC-1275 - MIC-1276).

41.     HFI tendered the *Cienfuegos* complaint to MIC.

42.     On May 12, 2020, MIC agreed to defend HFI with respect to the *Cienfuegos* action pursuant to a full reservation of rights. *See* May 12, 2020 letter from MIC to HFI. (Ex. N). The May 12, 2020 letter advised that "MIC believes that it has no coverage obligation under the Policies with respect to the Amended Lawsuit because the conduct alleged in the Amended Lawsuit predates the Policies and bodily injury alleged in the Amended Lawsuit first manifested prior to the inception date of the earliest Policy." *Id.* at 1 (MIC-1277). The May 12, 2020 letter also stated, "MIC expressly reserves its right to withdrawal from the defense and seek reimbursement of defense costs pursuant to the "Pennsylvania Changes - Defense Costs" endorsement of the primary policies ...." *Id.* at 7-8 (MIC-1283 - MIC-1284).

43.     In the May 12, 2020 letters, MIC also reserved its rights with respect to each of the Underlying Actions:  (1) with respect to any allegation and/or cause of action in the Underlying Actions to the effect that HFI expected and intended the alleged damages; (2) to the extent the Underlying Plaintiffs seek punitive damages; and (3) with respect to any other rights under the Policies, at equity, and at law. Ex. L at 8 (MIC-1266); Ex. M at 8 (MIC-1275); Ex. N at 8 (MIC-1284).

## COUNT I

### DECLARATORY JUDGMENT THAT MIC HAS NO DUTY TO DEFEND OR INDEMNIFY HFI BECAUSE THE OCCURRENCE, IF ANY, ALLEGED IN THE UNDERLYING ACTIONS HAPPENED PRIOR TO THE MIC POLICY PERIODS

44.     MIC incorporates the previous paragraphs of this Complaint as if they were set forth herein.

45.     Allegations made in the Underlying Actions determine whether an insurer has a duty to defend and indemnify.

46.     Under Pennsylvania law, an occurrence happens when the injurious effects of the negligent act first manifest themselves in a way that would put a reasonable person on notice of injury.

47.     Smith's Second Amended Complaint expressly alleges that he was subject to sexual abuse for a two-plus year period beginning in approximately late 1975 or 1976, see *Smith* Second Amended Complaint ¶ 10 (MIC-0010), 46 (MIC-0011), and that the injurious effects of the alleged abuse were manifest at the time of the abuse. See, e.g., *id.* ¶ 32 (MIC-0008) ("the repeated molestations would cause Plaintiff's asthma to flare and he would receive asthma medication from nuns, including Sister Leone who was a nurse"); ¶ 44 (MIC-0010) (alleging Smith "has suffered from severe depression, alcoholism, suicidal attempts and ideations, drug addiction and other issues since undergoing the abuse"); ¶ 59(g) (MIC-0016) (referencing Smith's "frequent need for medical attention for asthma that Plaintiff required after private meetings with Fr. Girdis"); ¶ 59(h) (MIC-0016) (referencing "The resulting behavioral changes of Plaintiff subsequent to his abuse, which upon information and belief, was known by Defendants, yet overlooked").

48.     The *Doe* complaint expressly alleges that she was subject to sexual abuse in or around 1980, see Complaint ¶ 9 (MIC-0034), and that the injurious effects of the alleged abuse

were manifest at the time of the abuse.  *See, e.g., Doe* Complaint ¶¶ 39 (MIC-0036), 42 (MIC-0038), 109 (MIC-0053).

49.     The *Cienfuegos* complaint expressly alleges that he was subject to sexual abuse from approximately 1976 until approximately 1983, *see* Complaint ¶¶ 8-9 (MIC-0061 - MIC-0062), and that the injurious effects of the alleged abuse were manifest at the time of the abuse. *See, e.g., Cienfuegos* Complaint ¶ 70 (MIC-0073) ("During the period of time that Plaintiff resided at Defendant HFI, 1975 to 1984, Plaintiff exhibited signs and symptoms of a sexually abused child, including but not limited to: enuresis, nightmares, self-injury; physical abrasions, rug burns, significant changes in eating habits, depression, suicidal ideation, excessive worry"), ¶ 108 (MIC-0082) ("Plaintiff sustained both physical and emotional injuries which include, but are not limited to the following: (a) Physical harm caused by rape and other physical abuse …").

50.     Because the injuries alleged in each of the Underlying Actions first manifested prior to the policy period of any of the Policies, there is no coverage under any of the Policies for the Underlying Actions.

**WHEREFORE**, Plaintiff, MIC, respectfully requests the Court:

a.      declare that there is no coverage for HFI under the MIC Policies for the claims asserted in the Underlying Actions because the allegations in the complaints in each of the Underlying Actions establish that any occurrence first manifested prior to the policy period of the MIC Policies;

b.      declare that there is no coverage under the MIC Policies for HFI for the claims asserted in the Underlying Actions;

c.      declare that MIC has no duty to defend HFI with respect to the Underlying Actions;

d.      declare that MIC may withdraw its defense of HFI in the Underlying Actions;

e.      declare that MIC has no duty to indemnify HFI with respect to the Underlying Actions; and

f.      grant MIC such other and further relief as may be necessary and appropriate under the circumstances.

<u>**COUNT II**</u>

**DECLARATORY JUDGMENT THAT MIC HAS NO DUTY TO DEFEND OR INDEMNIFY HFI FOR CLAIMS OF PUNITIVE DAMAGES**

51.      MIC incorporates paragraphs 1 through 43 of this Complaint as if they were set forth herein.

52.      The Smith and Doe actions seek punitive damages. See *Smith* Second Amended Complaint (Ex. A) at MIC-0024 - MIC-0025; *Doe* Complaint (Ex. B) at MIC-0054.

53.      The MIC Policies exclude coverage for punitive damages.  Ex. D at MIC-0265; Ex. E at MIC-0593; Ex. F at MIC-0914; Ex. G at MIC-1109, MIC-1113; Ex. H at MIC-1153, MIC11-57; Ex. I at MIC-1205.

54.      Therefore, MIC is entitled to a declaration that there is no coverage under the MIC Policies for the relief or redress in any form for punitive damages.

**WHEREFORE,** Plaintiff, MIC, respectfully requests the Court:

a.      declare that MIC has no coverage obligation with respect to the Underlying Actions under the MIC Policies;

b.      declare, in the alternative, that MIC's duty to defend and indemnify HFI does not include requests for punitive damages, and that MIC is not obligated to indemnify HFI for any punitive damages sought or awarded in the Underlying Actions; and

c.      grant MIC such other and further relief as may be necessary and appropriate under the circumstances.

-14-

## COUNT III

## DECLARATORY JUDGMENT THAT MIC HAS NO DUTY TO DEFEND OR INDEMNIFY HFI FOR EXPECTED OR INTENDED DAMAGES

55.    MIC incorporates paragraphs 1 through 43 of this Complaint as if they were set forth herein.

56.    Count II of the *Smith* Second Amended Complaint seeks damages that were expected or intended by HFI.  The crux of the allegations in this count is that HFI, the Diocese and others conspired to conceal and protect the sexual proclivities and misconduct of Father Girdis and Father Smith. Among other things, Smith alleges that HFI's failure to report the actions of the perpetrators "reflects an intent to harm Plaintiff through depriving him of his rights of redress and elevating secrecy over the physical, mental and emotional suffering of Plaintiff."  (Ex. A at MIC-0021 *et seq.*)

57.    Counts I, IV and V of the *Doe* Complaint seek damages that were expected or intended by HFI.  The crux of the allegations in these counts is that HFI and the Diocese intentionally and/or recklessly concealed and/or suppressed information regarding sexual abuse committed by priests in the Diocese generally and Father Girdis specifically, and they repeatedly protected pedophiles despite knowing of their proclivities for abuse. (Ex. B at MIC-0041 *et seq.*, MIC-0050 *et seq.*, MIC-0052 *et seq.*)

58.    Counts I, II, and III of the *Cienfuegos* Complaint seek damages that were expected or intended by HFI.  The crux of the allegations in these counts is that HFI and the Diocese conspired to conceal their knowledge of the sexual abuse within the Diocese and at HFI, placed the priests in ministry after they were on notice that a complaint of child sexual abuse had been made, dissuaded victims from reporting to police or conducted their own deficient biased

-15-

investigation without reporting crimes against children to the proper authorities.  (Ex. C at MIC-0083 *et seq.*)

59.    The MIC Policies exclude coverage for "bodily injury" expected or intended from the standpoint of the insured. Ex. D at MIC-0235; Ex. E at MIC-0563; Ex. F at MIC-0880; Ex. G at MIC-1112; Ex. H at MIC-1157; Ex. I at MIC-1204.

60.    Therefore, MIC is entitled to a declaration that there is no coverage under the MIC Policies for Count II of the *Smith* Second Amended Complaint; Counts I, IV and V of the *Doe* Complaint; Counts I, II and III of the *Cienfuegos* Complaint; and any other cause of action set forth in the Underlying Actions which seeks relief or redress in any form for "bodily injury" expected or intended by HFI.

**WHEREFORE,** Plaintiff, MIC, respectfully requests the Court:

d.    declare that MIC has no coverage obligation with respect under the MIC Policies for Count II of the *Smith* Second Amended Complaint; Counts I, IV and V of the *Doe* Complaint; Counts I, II and III of the *Cienfuegos* Complaint; and any other cause of action set forth in the Underlying Actions which seeks relief or redress in any form for "bodily injury" expected or intended by HFI;

e.    declare, in the alternative, that MIC's duty to defend and indemnify HFI does not include requests for "bodily injury" expected or intended by HFI, and that MIC is not obligated to indemnify HFI for any redress or relief related to "bodily injury" expected or intended by HFI sought or awarded in the Underlying Actions; and

f.    grant MIC such other and further relief as may be necessary and appropriate under the circumstances.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

BY:     s/ Edward M. Koch
        Edward M. Koch, Esquire  (ID No. 76337)
        Michael E. DiFebbo, Esquire (ID No. 73371)
        1650 Market Street, Suite 1800 Philadelphia,
        PA 19103-7395
        (215) 864.6319
        (215) 864.6279
        koche@whiteandwilliams.com
        difebbom@whiteandwilliams.com
        *Attorney for Plaintiff,*
        *Markel Insurance Company*

Dated: May 13, 2020