## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARKEL INSURANCE COMPANY,

      Plaintiff,

    v.

HOLY FAMILY INSTITUTE,

      Defendant.

CIVIL ACTION
NO. 20-2279

### MEMORANDUM OPINION

**Schmehl, J.**  **/s/ JLS**                               **July 20, 2021**

Plaintiff Markel Insurance Company brings this Declaratory Judgment action against its insured, Defendant Holy Family Institute. Markel pleads that it does not owe a duty to defend or indemnify Holy Family for six state court lawsuits in three counts: (1) the underlying claims occurred prior to coverage; (2) it need not defend nor indemnify claims for punitive damages; and (3) it need not defend nor indemnify claims for expected or intended damages. Before the Court is Holy Family's Motion to Transfer and Motion to Dismiss, plaintiff's oppositions, Holy Family's replies, and plaintiff's surreplies. For the reasons set out below, Holy Family's Motion to Transfer is granted and the case is transferred to the United States District Court for the Western District of Pennsylvania.

## I.    FACTUAL BACKGROUND

Markel's Complaint arises from six state court lawsuits (the "Underlying Actions") against Holy Family for alleged incidents sexual assault and molestation. Markel seeks a judgment that it does not need to defend nor indemnify Holy Family in the Underlying Actions.

1.   The Underlying Actions

The Underlying Actions seek damages from Holy Family for alleged incidents of sexual assault and molestation that took place in the 1950s, 1960s, 1970s and/or 1980s. The alleged abuse mainly occurred on the premises of Holy Family Institute in Pittsburgh, Pennsylvania, and was caused by a Catholic Priest, Father Joseph C. Girdis, and others. (ECF #25 at ¶ 2-4; #6-2 at 2-3; #12-1 at 2.) The Underlying plaintiffs allege that they suffered various physical, mental, and emotional injuries at the time of the abuse and they still bear these injuries to present day. *Id*. The Underlying Actions include counts against Holy Family based on negligence, fraud, intentional infliction of emotional distress, civil conspiracy, and more. (ECF #6-2 at 3.) Three of the Underlying Actions are in the Court of Common Pleas of Allegheny County, Pennsylvania, and three are in the Court of Common Pleas of Philadelphia County, Pennsylvania.[1]

2.  Insurance Policies

Markel issued three consecutive Commercial General Liability Insurance Policies to Holy Family: (1) policy number 8502SS380005-0 (October 1, 2012 to October 1, 2013); (2) policy number 8502SS380005-1 (October 1, 2013 to October 1, 2014); and (3) policy number 8502SS380005-2 (October 1, 2014 to October 1, 2015) (the "GL Policies"). (ECF #25 at Ex D, Ex. E, Ex. F; ECF #2-1 at 4.) The GL Policies contain an Abuse or Molestation Coverage Policy Endorsement which states that Markel will provide a defense for claims of "damages that result in 'bodily injury' . . . or any other injury because of abuse, molestation or exploitation arising from [Holy Family's] negligent employment, training, investigation, reporting . . . or failure to so

---

[1] *Smith v. Roman Catholic Diocese of Pittsburgh*, Docket No. GD-19-011675; *Doe v. Roman Catholic Diocese*, Docket No. GD-20-004988; *Cienfuegos v. Roman Catholic Diocese of Pittsburgh*, Docket No. GD-20-004989; *Christopher Dawson v. Holy Family Institute, Roman Catholic Diocese of Pittsburgh and Roman Catholic Archdiocese of Philadelphia*, July Term 2020, Docket No. 01641; *Donald Gallagher vs. Saint Paul Seminary, Holy Family Academy f/k/a Saint Paul's Roman Catholic Orphan Asylum, Franciscan Friars, Third Order Regular, Roman Catholic Diocese of Pittsburgh, and Roman Catholic Archdiocese of Philadelphia*, July Term 2020, Docket No. 01696; and *John Doe 19 v. The Villa f/k/a St. Mary's Villa for Children and Families, et al.*, August Term 2020, Docket No. 01150.

report," *inter alia*. (ECF #25 at Ex. D at MIC-0265, Ex. E at MIC-0593, Ex. F at MIC-0914; ECF #12-1 at 5.)

The coverage only applies to "bodily injury" if "(1) [t]he 'bodily injury' . . . is caused by an 'occurrence' that takes place in the 'coverage territory'; (2) [t]he 'bodily injury' . . . occurs during the policy period . . . ." (ECF #25 at Ex. D at MIC-0235, Ex. E at MIC-0562, Ex. F at MIC-0879; ECF #12-1 at 5-6.) "Bodily injury" is defined in the policies to include "[b]odily injury, sickness or disease sustained by a person, and also includes mental anguish or emotional distress . . . ." (ECF #25 at Ex. D at MIC-0277, Ex. E at MIC-0605, Ex. F at MIC-0927; ECF #12-1 at 5-6.) The Abuse or Molestation Endorsement excludes "[a]ny obligation to pay fines, penalties, punitive damages, exemplary damages or aggravated damages . . . ." (ECF #25 at Ex. D at MIC-0265, Ex. E at MIC-0593, Ex. F at MIC-0914; ECF #12-1 at 6.) Further, the GL Policies also exclude "[e]xpected or [i]ntended [i]njury," meaning "'bodily injury' . . . expected or intended from the standpoint of the insured." (ECF #25 at Ex. D at MIC-0235, Ex. E at MIC-0563, Ex. F at MIC-0880; ECF #12-1 at 6.)

Markel also issued three Commercial Umbrella Liability Insurance Policies to Holy Family: (1) policy number 4602SS380006-0 (October 1, 2012 to October 1, 2013); (2) policy number 4602SS380006-1 (October 1, 2013 to October 1, 2014); and (3) policy number 4602SS380006-2 (October 1, 2014 to October 1, 2015) (the "Umbrella Policies"). (ECF #25 at Ex. G, Ex. H, Ex. I; ECF No. 6-2 at 3-4; ECF #12-1 at 6.) The Umbrella Policies provide defense coverage "to the extent that coverage is provided by" the GL Policies. (ECF #25 at Ex. G at MIC-1125, Ex. H at MIC-1169, Ex. I at MIC-1128; ECF #12-1 at 7; ECF #6-2 at 4.) The Umbrella Policies exclude punitive damages. (ECF #25 at Ex. G at MIC-1109, Ex. H at MIC-1153, Ex. H at MIC-1157, Ex. I at MIC-1205; ECF #12-1 at 7.)

3.  Markel's Declaratory Judgment Action and the Pending Motions

Markel argues in this Declaratory Judgment that it has no duty to defend nor indemnify for the Underlying Actions because (1) coverage is not triggered since each of the Actions allege bodily injuries that first manifested prior to Markel's policy periods; (2) Markel's policies exclude coverage for punitive damages; and (3) Markel's policies exclude coverage for expected damages or intended torts. (ECF #25, at ¶ 57-63, 65-67, 69-75.)

In their Motion to Transfer, Holy Family argues that the case should be transferred to the Western District of Pennsylvania because the alleged abuse occurred at Holy Family Institute which is located in that District, three of the six state lawsuits are there, the Western District has a heightened interest in this case, and the factual information and witnesses reside in the Western District.

In their Motion to Dismiss, Holy Family argues that Markel's Declaratory Judgement Action does not state a claim upon which relief may be granted for two general reasons. First, at least one claim potentially falls within the coverage period, therefore, Markel must defend the entirety of the actions. Second, Markel's claim that they need not indemnify Holy Family for punitive or intended torts is not ripe for adjudication.

## II.     HOLY FAMILY'S MOTION TO TRANSFER IS GRANTED.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). District courts retain wide discretion in deciding motions to transfer venue, and such motions are evaluated on a case-by-case basis. *Kuczyinski v. GEICO Advantage Ins. Co.*, 2016 WL 374732, at *1 (E.D. Pa. Feb. 1, 2016) (citing *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973).

The inquiry under section 1404(a) is twofold. First, whether the "original and requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Second, if venue is proper, whether "the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.* at 879. The party seeking transfer bears the burden of proving that transfer is appropriate. *Reassure Am. Life Ins. Co. v. Midwest Resources, Ltd.*, 721 F.Supp.2d 346, 351 (E.D. Pa. 2010).

Here, in the Eastern District of Pennsylvania, venue is proper because the insurance broker who facilitated the procurement of the insurance policies resides within this District, and three of the six Underlying Actions are in Pennsylvania state courts within this District. Likewise, venue is proper in the Western District of Pennsylvania because Holy Family resides there, the alleged abuse occurred there, and three of the six Underlying Actions are in Pennsylvania state courts within the Western District. 28 U.S.C. § 1391(b)(2).

A multi-factor balancing test is used to decide whether transfer is more convenient for the parties, and whether transfer is in the better interest of justice. *Jumara*, 55 F.3d at 879. The factors are divided into two categories, private and public.

The six private factors are: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) the convenience of the parties given their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in a given forum; and (6) the location of books and records to the extent they could not be produced in the alternative forum. *Id.*

The six public factors are: (1) the enforceability of the judgment; (2) practical considerations of trial logistics; (3) the relative court congestion of the two fora; (4) the local

interests of each forum in deciding local controversies; (5) the public policies of the fora; and (6) the judges' relative familiarity with the applicable law. *Id.* at 879-80.

The *Jumara* factors that weigh most heavily on this motion to transfer and best serve the interests of justice are that the Underlying Actions arose out of conduct that predominantly took place in the Western District, and the Western District has a heightened interest in the case given the merits and consequences of the Underlying allegations.

When the original complaint was filed, only three Underlying Actions existed, which are all in state court within the Western District of Pennsylvania. Since then, three more lawsuits have been filed, which are all within the Eastern District of Pennsylvania. Thus, at the time this case was filed only one jurisdictional tie was with the Eastern District of Pennsylvania, which is that the insurance at issue was purportedly brokered here. Whereas other jurisdictional ties were that the defendant resided in the Western District, the alleged abuse predominantly occurred in the Western District, and the three state court lawsuits were within the Western District. Now, three of the six state court lawsuits are within the Eastern District. But plaintiff is not due substantial deference for their chosen forum because the original jurisdictional tie to the Eastern District was only that the insurance was brokered here while both parties do not reside within this District, and nearly all factual ties were, and still are, with the Western District of Pennsylvania.

Holy Family Institute, the church in which the Underlying Plaintiffs allege that they were predominantly abused at is in the Western District. The Underlying Plaintiffs allege that they were sexually, physically, and emotionally abused in several ways, on several occasions, and the harm that they endured has impacted their lives ever since. Given these allegations, it is without a doubt that the Western District of Pennsylvania has a very strong interest in the merits of the

Underlying Actions, and this case as well. Due to all of the jurisdictional ties with the Western District and the impact the underlying conduct had and still has to the Western District, I find that the interests of justice are best served if the case is transferred to the Western District of Pennsylvania.

**III.**   **<u>CONCLUSION</u>**

For the reasons set forth above, Defendant's Motion to Transfer is granted and the case is transferred to the United States District Court for the Western District of Pennsylvania. The Motion to Dismiss is preserved for adjudication in the Western District.